■ CONSUMER-FARMER MILK COOPERATIVE, INC., et al., Appellants, v. FOREMOST DAIRIES, INC., Respondent.— In an action for an injunction, an accounting and recovery of damages, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered July 10, 1968 after a nonjury trial, in favor of defendant, dismissing the compaint. Judgment affirmed, with costs. Prior to October, 1941 the parties were engaged in the milk distribution business in the City of New York. Defendant maintained a distribution depot upon leased premises containing certain physical equipment including milk cans, pumps, dispensers and containers. This equipment was stamped with the *name* " FOREMOST ". On October 9, 1941 plaintiff Consumer-Farmer Milk Cooperative, Inc., and defendant executed a written agreement which recited that said plaintiff " agrees to acquire certain of the facilities and equipment owned and operated " by defendant and thereafter provided for the transfer of defendant's lease, its physical equipment and a truck rental contract. In addition, defendant assigned its accounts receivable to said plaintiff for the purpose of collection and payment over, its telephone number and " its rights to the name ' FOREMOST ' in connection with the sale of milk in the City of New York ". Defendant also consented to the formation, by said plaintiff, of a corporation styled " FOREMOST MILK COMPANY, INC." (the other plaintiff). The last clause of this agreement provided: " EIGHTH: This agreement shall terminate on January 14, 1946." Plaintiffs contend that defendant's subsequent sale of milk in the City of New York from 1957 to 1959, using the *trade-mark* " FOREMOST ",

was a violation of the 1941 agreement in that plaintiffs are the exclusive owners of it in perpetuity. Defendant relies upon the eighth clause of the agreement for the proposition that all of plaintiffs' rights thereunder expired on January 14, 1946. In our view the contract is unambiguous. It not only appears to have expired on January 14, 1946, but it contains no provision restricting defendant from using the " FOREMOST " trade-mark. In addition, the explanatory clauses recite the *limited* purpose of the contract — that plaintiff Consumer-Farmer Milk Cooperative, Inc. " agrees to acquire certain of the facilities and equipment owned and operated " by defendant. Moreover, there is no express covenant against competition contained in the contract. Such covenants are not to be implied; they must be expressly made (*Von Bremen* v. *MacMonnies*, 200 N. Y. 41, 47; 1 Nims, Unfair Competition and Trade-Marks, § 20a). We have considered other points submitted by appellants and found them not decisive of the basic question. Christ, Acting P. J., Brennan, Benjamin and Munder, JJ., concur; Rabin, J., not voting.